Benjamin Brenner, J.
Plaintiff, as assignee of the benefits of a life insurance contract, seeks to recover four times the sum the beneficiary would normally have been entitled to receive and about three times the premiums paid, because of a “ scrivener’s error ’ ’ by the insurance company in stamping an inapplicable rate schedule of cash surrender benefits in the contract. The error was due to the insurer’s neglect to change the rate schedule from “ whole life ” to “ whole life paid up at age 85 ” on change of the application for the insurance the very day the contract was delivered.
The defendant’s counterclaim to reform the contract in respect of the rate schedule to reflect the true cash surrender value and to accord with the rate book schedule of the life insurance industry, is resisted by plaintiff on the grounds (1) there was neither mutual mistake nor mistake and fraud on either side and (2) the Statute of Limitations bars reformation of this 19-year-old contract.
Neither ground so advanced is effectual upon the authority of Metropolitan Life Ins. Co. v. Oseas (261 App. Div. 768, affd. 289 N. Y. 731) which, in effect, permits reformation for an obvious mistake on the 11 application of broad equitable principles ’ ’ to prevent an unconscionable advantage to the insured, a situation of profitable error, so to speak, which may be equated with constructive fraud. Thus, in Oseas the court held that where, as here, the contract is retained and available only to the insured and the insurance company had no opportunity to learn *968 that an incorrect paid-up value had been inserted in the policy, the insured could not collect the inappropriately greater value some 20 years later. Nor was the Statute of Limitations regarded as a bar because it was held to run from the date of knowledge of the constructive fraud rather than from the date of contract.
Plaintiff’s attempt to distinguish Oseas is unconvincing. The court there did not, as plaintiff contends, view the matter as one of mutual mistake but as a scrivener’s error and there, as here, the insurer had no reasonable opportunity to see the policy after its issuance. His claimed reliance on the schedule, as stamped, is without merit for he was not shown those rates until, following his application, the contract was actually delivered. The contentions relative to Civil Practice Law and Buies changes must also be rejected because those changes in regard to the Statute of Limitations are not of such substance as to alter or affect the holding in Oseas.
The citation of contrary authority in other States and of authority in this State involving other types of contract are of no avail to plaintiff for the court in the Oseas case considered them and found (a) that reformation did not depend solely upon mutual mistake and could be secured for an unconscionable advantage and (b) insurance agreements stand on a somewhat different footing than do other agreements and that the limitation for commencement of suit thereon begins not from the date of contract but from the date when constructive fraud is disclosed by reason of the insured’s demand for an unconscionable gain. Incidentally in Avery v. Equitable Life Assur. Soc. (117 N. Y. 451) laches was imposed but against the insured who was in possession of the instrument.
Plaintiff makes the interesting argument that the insurer should be penalized for its failure to keep duplicate copies of its policies else an insurer may be encouraged in a calculated effort to secure reformation merely on a claim that copies are not available to it. There is no evidence to establish such a calculated design or practice on the part of the insurer and the record is unclear as to the recurrence of similar scrivener’s errors. It would, of course, be helpful if insurers were to keep duplicate copies of contracts actually issued to apprise themselves and to timely warn policyholders of possible errors but this, of course, is a matter not for judicial but for legislative action.
Defendant is entitled to judgment dismissing the complaint and to reformation as demanded in the counterclaim, the judgment to be entered, without costs.