Benjamin Brenner, J.
Plaintiff seeks to enter judgment for the recovery of a surrender value of an insurance policy with interest from the date of the demand of an incorrect sum thereon despite the fact that in my opinion, following trial (41 Misc 2d 967), judgment was rendered solely for the defendant, reforming the policy in respect of a scrivener’s error relating to such surrender value.
*450 Plaintiff’s proposed judgment is rejected for the reasons (1) judgment was not rendered in plaintiff’s favor; (2) defendant had, prior to suit, tendered the corrected cash surrender value, which plaintiff had refused, yet presently plaintiff seeks the sum he declined to accept with interest from the date of such declination; (3) at such time plaintiff did not surrender the policy as required by its terms, and (4) plaintiff is not precluded from recovery of the correct cash surrender of the policy, as reformed, and the judgment for the defendant has made express provision therefor.
While there does not appear to be a New York ease upon the precise question of the allowance of interest on a cash surrender value, it was held in Rubin v. Queensboro Farm Prods. (135 N. Y. S. 2d 546) that an insurance company which had paid into court the amount due on an insurance policy pending the settlement of adverse claims was required to pay interest only from date of receipt of proof of death. Thus, while not passing on the question, it would appear that as a condition for obtaining the correct sum due and interest thereon from such due date, plaintiff would be required to first surrender the policy and indicate acceptance of the sum tendered.
The proposed judgment submitted by the defendant has accordingly been signed.